PeR CueiaM.
 

 Davis brought his action of ejectment against Rebecca Tipton, for lands south of French Broad and Holston. He claims title by deed from Benjamin Tipton, who had a grant from the State, dated May, 1808.
 

 On the trial, Rebecca Tipton offered to prove that she is the widow of Benjamin Tipton, senior, the father of the grantee ; that he died in 1807, and had been in possession of the lands in question 25 years before his death ; that the court of Blount County, on her petition, ordered dower to be laid off for her, which was done before the land was surveyed, and that she was within the lines so laid off. The Circuit Court rejected the testimony and verdict, and judgment was rendered for the plaintiff in the ejectment.
 

 The only question to be decided is, did the court err in rejecting the testimony offered ? Widows, ever since 1784, ch. 22, § 8, are entitled to dower
 
 in
 
 lands, tenements,
 
 and hereditaments
 
 of which their husbands died seised or possessed. The nature of these
 
 interests
 
 in lands south of French Broad and Holston are well defined in 3 Hayward, 67; and what is said in relation to dowers, page 68, is correct, as is also what is said, page 62, in relation to the phrase * lands, tenements, and hereditaments. The word
 
 possessed
 
 in 1784, ch. 22, § 8, is what the present claim is founded on. It is urged that the term
 
 possessed
 
 extends to estates of which the owner cannot be legally said to be seised. This idea,
 
 *740
 
 it is said, comprehends all interests not yet grown into perfect legal titles by grant, though in progression towards that completion. Will it extend, then, to leaseholds ? No ; there is not an estate for life, of which the widow can be seised
 
 for and during the term of her life.
 
 Construction, ever since 1784, has determined the contrary. The term
 
 possessed
 
 is not to indicate the quantum of estate,-but the manner of occupation, and signifies, though not actually seised by inhabitancy, yet, if he is so entitled by deed and a legal estate as to have a legal right to the possession, then she shall be' endowed.
 

 The
 
 interest
 
 here claimed was unknown in the year 1784. It originated in 1789; and the right to the possession under 1785, ch. 39, is not connected with any legal or equitable estate. It is .founded only on a right of preemption or right to purchase in preference to another, which may never be exerted, and may be abandoned at the option of the occupant.
 

 It never has been heretofore considered, in the case of entries, that the wife could be endowed of them. She never has been considered dowable of a land warrant; and yet she would be so if one issued upon an entry, if -the doctrine were to prevail which is now contended for, and also of all trust estates. Occupants are empowered to make deeds of conveyance of their rights ; so do
 
 cestuis que trust,
 
 enterers, warrant holders, &c. Were we to allow dower in the present case, founding ourselves upon supposed legal principles, immediately claims for dower in all the entries in John Armstrong’s office, where the enterer died before the grant issued, would start up, and in * other entries made in this State, where the death of the husband took place before the grant; also, in all trust and equitable estates; and we should find that, struggling in one instance to do what seems equitable, we had disturbed the whole community. The precipice is too frightful; we cannot advance.
 
 Judgment affirmed.
 

 See King’s Digest, 5375, 11,094.